UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY on its own behalf and as subrogee of STEEL DYNAMICS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11-cv-1489-SEB-DML |
| DON R. FRUCHEY, INC., and THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, | ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING MOTION TO REMAND**

This cause is now before the Court on Plaintiff's Motion to Remand [Docket No. 7], filed on December 9, 2011. Plaintiff, American Home Assurance Company ("American Home"), on its own behalf and as subrogee of Steel Dynamics, Inc. ("SDI"), originally filed this action for breach of contract against Defendants, the Travelers Indemnity Company of Connecticut ("Travelers") and Don R. Fruchey, Inc. ("Fruchey"), as well as a claim for equitable contribution against Travelers, in Marion Superior Court on October 18, 2011.[1] On November 9, 2011, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a), asserting that this Court may exercise jurisdiction based on diversity of citizenship. Plaintiff now seeks to have this cause of action remanded.

---

[1] Plaintiff has since amended its complaint to add a claim for estoppel against Travelers.

For the reasons detailed below, we <u>GRANT</u> Plaintiff's Motion to Remand.

## **Legal Analysis**

It is undisputed that there is complete diversity of citizenship in this case[2] and that the amount in controversy exceeds the jurisdictional amount specified by 28 U.S.C. § 1332. However, Plaintiff seeks remand of this case based on the fact that Defendant Fruchey is a citizen of the State of Indiana. The federal statute governing removal, 28 U.S.C. § 1441, sets forth the "forum defendant rule," providing in relevant part as follows:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b)(2).

The "forum defendant rule" set forth in this statute "is designed to preserve the plaintiff's choice of a (state) forum, under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." <u>Hurley v. Motor Coach Indus., Inc.</u>, 222 F.3d 377, 380 (7th Cir. 2000). This rule is well-established under Seventh Circuit law and has been repeatedly recognized by courts in our circuit. <u>See</u>, <u>e.g.</u>, <u>Holmstrom v. Peterson</u>, 492 F.3d 833 (7th Cir. 2007) (citing cases).

---

[2] Plaintiff is a New York corporation with its principal place of business in New York. Defendant Travelers is a Connecticut corporation with its principal place of business in Connecticut and Defendant Fruchey is an Indiana corporation with its principal place of business in Indiana.

Here, Defendants concede that the forum defendant rule is applicable (as they do not dispute that Defendant Fruchey is an Indiana citizen and do not allege that Fruchey was either improperly joined or served in Plaintiff's action in Marion Superior Court), but argue that Plaintiff has waived reliance on the rule. Plaintiff's claim against the forum defendant is based upon a contract containing the following provision:

> Applicable Law: Forum: This Contract shall be governed by the laws of the State of Indiana. Both Seller and Buyer consent to personal jurisdiction in Indiana and to the jurisdiction of any state or federal court in the district in Indiana where Buyer's (Steel Dynamics, Inc.) plant is located; and both parties agree that venue shall be proper and deemed convenient therein.

Exh. C to Pl.'s Compl. Defendants argue that by agreeing to jurisdiction and venue in the Southern District of Indiana, where SDI's plants are located, Plaintiff waived reliance on the forum defendant rule.

Defendants' argument is a stretch. The contract provision cited by Defendants merely provides that the parties agree to consent to jurisdiction and venue in state *or* federal court in the Southern District of Indiana. It does not include any reference to the right of removal or remand and thus cannot be construed as a waiver of Plaintiff's right to seek remand pursuant to the forum defendant rule. The sole case cited by Defendants in support of their contention is the Seventh Circuit decision in Hurley v. Motor Coach Industries, Inc., 222 F.3d 377 (7th Cir. 2000), in which the court held that the forum defendant rule is nonjurisdictional and thus can be waived if plaintiff does not request removal within 30 days as required by statute. Id. at 379. However, there is no allegation here that Plaintiff's remand request was untimely; Hurley thus has no relevance to the

situation before us.

## Conclusion

For the foregoing reasons, Plaintiff's motion to remand is well-taken and timely, and thus, is <u>GRANTED</u>.  Because we find that Defendants had no objectively reasonable basis for removing this case, they are <u>HEREBY ORDERED</u> to pay Plaintiff's "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  This cause is remanded to the Superior Court of Marion County, Indiana.

    IT IS SO ORDERED.

Date:   07/25/2012

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

In accordance with 28 U.S.C. 1447(c), the Clerk of this Court shall mail a certified copy of this Order to the Clerk of the Marion Superior Court.

Copies to:

Phillip K. Beth
HINKHOUSE WILLIAMS WALSH, LLP
pbeth@hww-law.com

Sarah H. Dearing
HINKHOUSE WILLIAMS WALSH, LLP
180 N. Stetson Ave Ste. 3400
Chicago, IL 60601

Sara H. Doran
HINKHOUSE WILLIAMS WALSH, LLP
180 N. Stetson Ave. Ste.3400
Chicago, IL 60601

Barbara A. Jones
CANTRELL, STRENKSI & MEHRINGER, LLP
bjones@csmlawfirm.com

Anna Muehling Mallon
CANTRELL STRENSKI & MEHRINGER, LLP
amallon@csmlawfirm.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Elizabeth L. White
W122 City -County Building
200 E. Washington St.
Indianapolis, IN 46204